<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: OJO. | : <br> : <br> : <br> :         Civil Action Nos. <br> :        21-11357 (JMV) (JSA) <br> :        21-11359 (JMV) (LDW) <br> :        21-11360 (JMV) (ESK) <br> :        21-11362 (JMV) (CLW) <br> : <br> : <br> :            **OPINION** <br> : |

**VAZQUEZ, District Judge:**

      Before the Court are four of Plaintiff's Amended Complaints asserting claims pursuant to 42 U.S.C. § 1983 and related state law claims. In an earlier omnibus Opinion, the Court terminated the Complaints in these matters and directed Plaintiff to submit an amended complaint to address a number of deficiencies common to all of his Complaints.

      The Court has reviewed Plaintiff's Amended Complaints and concludes that he has continued to engage in impermissible group pleading. The Amended Complaints often allege that the Defendants acted in unison, without separately delineating the actions of each Defendant or explaining under what circumstances they acted or failed to act. Alternatively, Plaintiff often contends that an unspecified individual or individuals committed a wrong, and then argues that some or all of the Defendants were somehow responsible.

      These types of allegations are known as improper group pleading. Mere "conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any defendant" are insufficient to state a claim. *Galicki v. New Jersey,* No. 14-169, 2015 WL 3970297,

at *2 (D.N.J. June 29, 2015).  A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id*.  When a plaintiff names a number of defendants in a complaint, he cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "*which* defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (emphasis in original).  A complaint that contains "impermissibly vague group pleading" is subject to dismissal.  *Id*.

The Court will give Plaintiff one additional opportunity to submit complaints that do not contain group pleading.  Plaintiff *must* include a separate section for each individual Defendant, detailing his specific factual allegations and legal claims against that individual Defendant only.  He must do this for every single Defendant, in each of his cases.  In those individualized sections, he must also separate each legal claim and explain how that particular Defendant committed that alleged legal wrong.  For example:

1. Defendant John Doe #1
    a. All factual allegations as to only John Doe #1.
    b. First legal allegation as to only John Doe #1.
    c. Second legal allegation as to only John Doe #1.
    d. Etc.
2. Defendant John Doe #2
    a. All factual allegations as to only John Doe #2.
    b. First legal allegation as to only John Doe #2.
    c. Second legal allegation as to only John Doe #2.
    d. Etc.

Additionally, Plaintiff *must* ensure that his proposed amended complaints do not contain group pleading allegations. If Plaintiff continues to include group pleading allegations, the Court will dismiss those allegations.

Finally, the Court reminds Plaintiff that *he cannot rely solely on legal conclusions*; complaints must allege "sufficient factual matter" to show that the claims are facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) ("a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). In other words, Plaintiff cannot simply allege that a defendant committed dozens of wrongs, *without adequately explaining the factual circumstances underlying each claim*.

For those reasons, the Court will deny Plaintiff leave to amend in each of these cases and provide him with an opportunity to file second amended complaints that comply with the instructions above and the Court's prior Opinion. If Plaintiff fails to do so, this matter will be closed. Appropriate Orders follow.

Dated: 2/15/2022

_____<br>
JOHN MICHAEL VAZQUEZ<br>
United States District Judge